# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1565

———————

Cliff Ambrose, Jr.,

        Appellant,

    v.

John Schultz; Dave Hunter; Daniel J.
Nichols; Mary Lou Jergensen;
Barb Boldt,

        Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of South Dakota.
\*
\*       [UNPUBLISHED]
\*
\*
\*

———————

Submitted: February 2, 2007
Filed: February 7, 2007

———————

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Cliff Ambrose appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action against South Dakota parole board members, parole agents, and a prison counselor, alleging constitutional violations resulting from the revocation of a suspended sentence. Upon de novo review of the district court's dismissal of the complaint, see Carter v. Arkansas, 392 F.3d 965, 968 (8th Cir. 2004) (de novo review

———————

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

standard), we hold that each defendant is entitled to absolute immunity, and accordingly, we affirm. See Figg v. Russell, 433 F.3d 593, 597-98 & n.1 (8th Cir. 2006) (where plaintiff brought § 1983 claim against South Dakota parole board members, parole agent, and prison staffers, alleging her constitutional rights were violated as result of her incarceration upon parole board's revocation of her suspended sentence, affirming district court's dismissal with prejudice on ground that each defendant was entitled to absolute immunity).

Although Ambrose's claim challenging the revocation of his suspended sentence was not based on a decision regarding parole per se, absolute immunity still attached to the parole board members' relevant decisions because they were acting within their powers and in their official capacities. See id. at 598 & n.2 (if notice is given, parole board may subject release on suspended sentence to reasonable conditions in addition to those imposed by sentencing court; parole board acted within its power when it imposed parole conditions on suspended-sentence release and when it revoked suspended sentence for violation; parole board members were entitled to absolute immunity even if constitutional violation occurred, so long as board acted within its powers, which included making decisions related to suspended sentences). The parole agents sued by Ambrose are likewise entitled to absolute immunity. See id. at 599-600 (where plaintiff apparently sued parole agent for participating in alleged due process violation, and agent's only function was to offer plaintiff agreement containing terms and conditions of release on suspended sentence, claim against agent was essentially same as claim against parole board members, and agent's function was "so associated with the function of the Parole Board that he, too, [was] cloaked in absolute immunity"). Finally, even if Ambrose asserted a cognizable claim against the prison counselor, she too is entitled to absolute immunity. See id. at 598-99 (prison employee held entitled to absolute immunity for plaintiff's § 1983 claim based on fact of confinement and conditions related thereto).

The judgment is affirmed.  <u>See</u> 8th Cir. R. 47B.  We also deny Ambrose's pending motions on appeal.

_____